UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUDE DILLON, JR.,<br><br>Defendant. | 5:25-CR-50062-CCT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCLOSURE** |

Defendant Jude Dillon, Jr. moves this Court for an order requiring the government to produce to defense counsel (1) all unredacted reports previously disclosed; (2) the name, address, and present location of any informant, confidential informant, source of information, cooperating individual, or witness, paid or unpaid, of any governmental agency or unit, state or federal, who is supplying or who had supplied information or performed any role whatsoever which formed the background for, or resulted in, the indictment; and (3) all records concerning the physical and mental health of the informants, drug and alcohol abuse, to include evaluations performed for the informant, educational records, and criminal, probation and parole records of the informant. Docket 135. The Court directed the government to file a response. Docket 164.

The government does not object to Mr. Dillon, Jr.'s request for production of unredacted discovery. Docket 168 at 3–4. However, it contends

that "[u]nredacted discovery has already been furnished to defense counsel." *Id.* at 4. Mr. Dillon, Jr. did not file a reply or otherwise indicate that unredacted discovery has not been produced. Nevertheless, the Court grants Mr. Dillon, Jr.'s request to the extent that there exists unredacted discovery not yet produced.

The government also does not object to Mr. Dillon, Jr.'s request for the names of the individuals that cooperated with the government. *Id.* However, the government claims that such information was included in the unredacted discovery provided to defense counsel. *Id.* Mr. Dillon, Jr. did not file a reply or otherwise indicate that the names of individuals that cooperated with the government have not been produced. Nevertheless, the Court grants Mr. Dillon Jr.'s request to the extent that names of individuals that cooperated with the government have not been produced.

The government acknowledges its duty to produce exculpatory information and indicates its intent to produce in advance of trial the records within its possession related to confidential informants, including criminal histories for witnesses the government intends to call at trial. *Id.* at 4. However, the government objects to Mr. Dillon, Jr.'s broader request for addresses and present location of informants and "all records concerning the physical and mental health of the informants, drug and alcohol abuse, to include evaluations performed for the informant, educational records, and criminal, probation and parole records." *Id.* (quoting Docket 135). The government

asserts that Mr. Dillion, Jr. has not shown a need for disclosure of this information and these records.

Mr. Dillon, Jr. did not file a reply, but in his motion, he asserted that "[t]hese records and files are reasonably likely to contain material that is exculpatory and/or impeachment information[.]" Docket 135 at 2. This conclusory statement does not show that these records or files contain exculpatory or impeachment information. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) (noting that the Court has never held "that a defendant alone may make the determination as to the materiality of the information" and "[d]efense counsel has no constitutional right to conduct his own search of the State's files to argue relevance"). Moreover, the government is aware of its obligation to produce exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). *See Ritchie*, 580 U.S. at 59 (noting that the government decides which information must be disclosed and there is no constitutional right to conduct discovery in a criminal case). The Court denies Mr. Dillon, Jr.'s broad request for addresses and present location of informants and "all records concerning the physical and mental health of the informants, drug and alcohol abuse, to include evaluations performed for the informant, educational records, and criminal, probation and parole records." Docket 135.

Accordingly, it is hereby

ORDERED that Defendant's motion for disclosure of unredacted discovery and confidential informants, Docket 135, is granted in part and denied in part.

Dated October 6, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE